IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GARY BEAN, ) | |
| ) | |
| Plaintiff-Judgment Debtor, ) | |
| ) | |
| v. ) | Civil Action No. DKC-04-2213 |
| ) | |
| UNITED PARCEL SERVICE, INC. ) | |
| ) | |
| Defendant-Judgment Creditor. ) | |
| ) | |

## MEMORANDUM OPINION

This case has been referred to the undersigned by the Honorable Deborah K. Chasanow for post-judgment proceedings. *See* Document No. 47. Pending before the Court and ready for resolution is Defendant-Judgment Creditor United Parcel Service, Inc.'s ("UPS") Motion to Compel Appearance at Deposition and For Sanctions (Document No. 46). Plaintiff-Judgment Debtor Gary Bean ("Mr. Bean") did not file a Response. Subsequently, Mr. Bean's counsel filed a Motion for Withdrawal of Counsel (Document No. 50) and UPS filed a Response (Document No. 51). This motion is likewise ready for resolution. No hearing is deemed necessary and the Court now rules pursuant to Local Rule 105.6 (D. Md. 2004).

## BACKGROUND

Mr. Bean initiated this litigation alleging that UPS subjected him to disparate treatment and harassment based on his race and sex and retaliated against him for engaging in prior protected activities. On August 18, 2005, Judge Chasanow granted UPS's Motion for Summary Judgment and entered Judgment in favor of UPS and against Mr. Bean. *See* Document No. 34. UPS filed its Bill of Costs on August 31, 2005. *See* Document No. 35. On September 15, 2005,

1

Mr. Bean filed a Notice of Appeal. *See* Document No. 36. Mr. Bean filed his Opposition to UPS's Bill of Costs on September 30, 2005. *See* Document No. 40. On June 15, 2006, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the District Court, *see* Document No. 42, and issued its mandate on July 6, 2006, *see* Document No. 43. On July 24, 2006, the Clerk awarded costs in the amount of $957.60 in favor of UPS and against Mr. Bean. *See* Document No. 44.

The following day, on July 25, 2006, counsel for UPS sent a letter to counsel for Mr. Bean. "We fully intend to enforce this judgment but want to give Mr. Bean the first opportunity to comply voluntarily before we pursue enforcement action." Document No. 46, Ex. 1. UPS's counsel asked that Mr. Bean send payment within one week; otherwise, collection proceedings will commence promptly. On August 4, 2006, counsel for UPS sent a follow-up e-mail to counsel for Mr. Bean inquiring if Mr. Bean plans to pay the $957.60 in costs. *Id.*, Ex. 2. On August 9, 2006, David A. Branch, Mr. Bean's counsel, responded by e-mail. "I have forwarded your information/request to Mr. Bean. We do not represent him in this matter. You should contact him directly." *Id.*, Ex. 3, at 1. Approximately nine minutes later, counsel for UPS sent an e-mail reply. "I will contact him directly as you suggested. May I have his current address, phone number and place of employment?" *Id.*

On September 1, 2006, pursuant to Rules 69 and 30 of the Federal Rules of Civil Procedure, UPS served, by first class mail, a Notice of Deposition on Mr. Branch as attorney for Mr. Bean. UPS scheduled the deposition for September 19, 2006 beginning at 9:30 a.m. *Id.*, Ex. 4. On September 6, 2006, Mr. Branch sent an e-mail to counsel for UPS. "I received a notice of deposition for Gary Bean from your office. I told your associate appr[o]ximately one month ago

that our office has not been retained to represent Mr. Bean beyond the appeal. Please correspond with him directly." *Id.*, Ex. 5, at 4. Approximately 11 minutes later, counsel for UPS sent the following e-mail reply: "As far as I know you are still counsel of record and the Court has not authorized you to withdraw from the case. Having said that, I would be happy to correspond directly with Mr. Bean if you let me know what his current address is and how to reach him. Please respond." *Id.*, Ex. 5, at 3. Mr. Branch responded, "Mr. Bean's address has not changed." *Id.* That same day, counsel for UPS served, by UPS Next Day Air, on Mr. Bean a Notice of Deposition to take his deposition on September 19, 2006. *Id.*, Ex. 6, at 1.

Two days later, on September 8, 2006, counsel for UPS sent another e-mail to Mr. Branch requesting Mr. Bean's telephone number. Multiple e-mails were exchanged that day between counsel. Mr. Branch responded, "I do not have authority to give you his telephone number." *Id.*, Ex. 5. at 2. Counsel for UPS sent the following reply.

> I do not understand how you can say that we should communicate directly with Mr. Bean rather than through you, and at the same time refuse to provide us with his phone number so that we ca[n] call him to confirm where he lives and discuss the upcoming deposition. If you will not provide us with his phone number (or have Mr. Bean call me and give me his phone number) then we have no choice but to take the position that you, as counsel of record, are responsible for responding to discovery and appearing at the scheduled deposition. I am trying to make this easier for you, but your refusal to cooperate is making it more difficult.

*Id.*

Mr. Branch, in turn, sent this e-mail response: "Please stop sending me emails and wasting my time on this claim for $900. I do not want to receive another email from you on this matter. You can correspond with him at his address." *Id.*, Ex. 5, at 1. The exchange between Mr. Branch and counsel for UPS ended with this reply from UPS's counsel:

3

> Since you are still counsel of record, have not been authorized by the Court to withdraw your appearance, and refuse to provide us with Mr. Bean's phone number, you leave us with no choice but to continue to correspond with you. I ask you to reconsider your position on the phone number and at least ask Mr. Bean for permission to give us his phone number and/or ask Mr. Bean to call me.

*Id.*

The deposition was held on September 19, 2006 as scheduled. Neither Mr. Bean nor Mr. Branch appeared.

On October 11, 2006, UPS filed its Motion to Compel Appearance at Deposition and For Sanctions. *See* Document No. 46. On October 30, 2006, Mr. Branch filed a Motion of Plaintiff's Former Counsel for Extension to File Response to Motion to Compel and For Sanctions. *See* Document No. 48. The Court granted this motion the same day, giving Mr. Branch an extension to November 13, 2006. *See* Document No. 49.

Mr. Branch never filed a response to UPS's motion. Instead, on November 10, 2006, Mr. Branch filed a Motion to Withdraw as Attorney. *See* Document No. 50. "Undersigned counsel represented Plaintiff in the district court and the appeal in this matter but has not been retained to represent Plaintiff in any post judgment proceedings. Counsel's legal agreement with the Plaintiff has expired, and thereby Plaintiff has terminated the services of counsel." *Id.* at 1. Mr. Branch further states in this motion that he advised Mr. Bean of the proposed withdrawal and informed Mr. Bean that he must either have new counsel enter an appearance or advise the Clerk that he (Mr. Bean) will proceed *pro se*. *Id.*

UPS responded to Mr. Branch's motion on November 10, 2006. *See* Document No. 51. "Although Mr. Branch's motion represents that he has advised plaintiff to contact the

undersigned, UPS does not hold out much hope given plaintiff's prior track record, lack of responsiveness, and refusal to appear. Accordingly, if Mr. Branch provides UPS a working telephone number for plaintiff — something Mr. Branch previously has been unwilling to do despite insisting that he no longer represents plaintiff — UPS will not oppose Mr. Branch's Motion for Withdrawal of Counsel." *Id.* at 2.

## MOTION FOR WITHDRAWAL OF COUNSEL

The Local Rules of this Court do not specify what circumstances culminate in the termination of an attorney-client relationship. Maryland law does not specifically define when an attorney client relationship ends. "Unless sooner terminated by some intervening cause, the relationship of attorney and client ordinarily continues until there has been a complete and final accomplishment, fulfillment, or end of the particular object, action, or business for which the attorney has been employed." 3 Md. L. Ency. *Attorney and Client* § 63 (2006). According to Mr. Branch, the Retainer Agreement[1] provided for representation through appeal, but not for any post judgment proceedings. The exhaustion of any and all appeals would qualify as "a complete and final accomplishment, fulfillment, or end of the particular . . . action . . . for which the attorney has been employed." Because the Court of Appeals for the Fourth Circuit affirmed Judge Chasanow's judgment in favor of UPS and against Mr. Bean, per the Retainer Agreement, Mr. Branch's representation of Mr. Bean ended. With the completion of this action, Mr. Branch was not required to seek permission from this Court to withdraw as counsel.

This case however was not resolved for all purposes. On July 24, 2006, the Clerk issued an Order awarding costs in the amount of $957.60 in favor of UPS and against Mr. Bean. Mr.

---

[1] Mr. Branch did not attach a copy of the Retainer Agreement to his Motion for Withdrawal of Counsel

Branch is listed as the attorney of record for Mr. Bean and received a copy of this Order by electronic case filing.  Mr. Branch did not move at that time to withdraw as counsel for Mr. Bean.  The next day, UPS sent a letter to Mr. Branch as counsel for Mr. Bean regarding satisfaction of this Order.  Mr. Branch took no action; he did not move to withdraw as Mr. Bean's counsel.  Counsel for UPS legitimately and correctly assumed Mr. Branch still represented Mr. Bean.  In an e-mail dated August 9, 2006, Mr. Branch first informed opposing counsel that he no longer represented Mr. Bean.  Mr. Branch knew, or should have known, that he was still listed as counsel of record for Mr. Bean on the Court's docket.  Mr. Branch should have moved at the that time to withdraw as counsel.

Because Mr. Branch notified opposing counsel that he no longer represented Mr. Bean *before* opposing counsel served Mr. Branch the Notice of Deposition on September 1, 2006, the Court will not compel Mr. Branch to appear for the deposition nor impose sanctions against Mr. Branch.

The Court will grant the Motion for Withdrawal of Counsel.  Contrary to UPS's demand, Mr. Branch need not provide Mr. Bean's telephone number.  The Local Rule only requires the withdrawing counsel to provide "the name and last known address of the client[.]"  Local Rule 101.2(a)(2)(a) (D. Md. 2004).

## MOTION TO COMPEL APPEARANCE AT DEPOSITIONS & FOR SANCTIONS

On September 6, 2006, counsel for UPS served the Notice of Deposition by UPS Next Day Air to Mr. Bean at 9018 Allentown Road, Fort Washington, Maryland 20744.  *See* Document No. 46, Ex. 6, at 1. Mr. Branch lists the *identical* address as Mr. Bean's last known address in his Motion for Withdrawal of Counsel.  *See* Document No. 50, at 1.  According to Mr.

Branch's e-mail of August 9, 2006, he relayed to Mr. Bean that UPS sought to collect the $957.60 award of costs and if Mr. Bean did not voluntarily pay the amount within a week, UPS would pursue collection proceedings promptly. *See* Document No. 46, Ex. 3, at 1. Thus, approximately a month before receiving the Notice of Deposition, Mr. Bean knew that UPS sought to collect the award of costs. Mr. Bean received the Notice of Deposition yet never called nor wrote counsel for UPS. Further, Mr. Bean is or should be familiar with depositions. The Court presumes he was previously deposed by UPS during the course of this litigation.

For the above reasons, the Court will grant UPS's Motion to Compel Appearance of Mr. Bean at a deposition. Mr. Bean also must pay the Court Reporter's fee for the September 19, 2006 deposition that he failed to attend.

A separate Order will follow.

/s/
_____
WILLIAM CONNELLY
UNITED STATES MAGISTRATE JUDGE

January 22, 2007